Jeremy S. Golden (SBN 228007)
Golden & Cardona-Loya, LLP
3130 Bonita Road, Suite 200B
Chula Vista, CA 91910
jeremy@goldencardona.com
Phone: 619-476-0030; Fax: 775-898-5471
Attorney for Plaintiff

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM BOYD, an individual, | Case No.: |
| Plaintiff, | **COMPLAINT AND DEMAND FOR JURY TRIAL** |
| v. | |
| EXPERIAN INFORMATION SOLUTIONS, INC., a corporation; EQUIFAX INC., a corporation; TRANS UNION LLC, a limited liability corporation; ACCOUNTS RECEIVABLE COLLECTION SERVICES, INC.; and DOES 1 through 10, inclusive, | |
| Defendants. | |

## I. INTRODUCTION

1)      This is an action for damages brought by an individual consumer against Defendants for actual, statutory and punitive damages, and costs and attorney's fees brought pursuant to 15 U.S.C. §1681 *et seq.* (Federal Fair Credit Reporting Act "FCRA"), the common law tort of defamation, violations of the Fair Debt Collection Practices Act, 15

U.S.C. §1692, *et seq*. ("FDCPA") and the California Rosenthal Act, Civil Code §1788 *et seq*. ("Rosenthal Act").

## II.  VENUE AND PARTIES

2)      Jurisdiction of this Court arises under the FCRA and the FDCPA and 28 U.S.C. §1337.  Supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. §1367. Venue in this District is proper in that the Defendants transact business here and the conduct complained of occurred here. Plaintiff WILLIAM BOYD is a natural person residing in the State of California, County of Fresno.

3)      Defendant EXPERIAN INFORMATION SOLUTIONS, INC. at all times relevant was a corporation doing business in San Diego County, California operating from an address at 475 ANTON BLVD., COSTA MESA, CA 92626.  EXPERIAN is a "consumer reporting agency" as defined by 15 U.S.C. §1681(f) and is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purposes of furnishing consumer reports, as defined in 15 U.S.C. §1681(d) to third parties. EXPERIAN disburses such consumer reports to third parties under contract for monetary compensation.

4)      Defendant EQUIFAX INC. at all times relevant was a corporation doing business in Fresno County, California operating from an address at 1550 PEACHTREE STREET NW, H46, ATLANTA, GA 30309.  EQUIFAX is a "consumer reporting agency" as defined by 15 U.S.C. §1681(f) and is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purposes of furnishing consumer reports, as defined in 15 U.S.C. §1681(d) to third parties. EQUIFAX disburses such consumer reports to third parties under contract from monetary compensation.

5)      Defendant TRANS UNION LLC at all times relevant was a limited liability corporation doing business in Fresno County, California operating from an address at 555 W ADAMS ST., CHICAGO, IL 60661. TRANS UNION is a "consumer reporting agency" as defined by 15 U.S.C. §1681(f) and is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purposes of furnishing

1  consumer reports, as defined in 15 U.S.C. §1681(d) to third parties. TRANS UNION disburses such consumer reports to third parties under contract from monetary compensation.

4  6) Defendant ACCOUNTS RECEIVABLE COLLECTION SERVICES, INC. ("ARCSI") at all times relevant was a company authorized to conduct business in California, operating from an address at 205 West Bullard Ave Suite 12, Clovis, CA 93612.

7) ARCSI is engaged in the collection of debts from consumers using the mail and telephone. ARCSI regularly attempts to collect consumer debts alleged to be due to another. ARCSI is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6), and by the Rosenthal Act, California Civil Code 1788.2(c).

8) Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. 1692a(3).

9) The purported debt that ARCSI attempted to collect from Plaintiff was a "debt" as defined by the FDCPA, 15 U.S.C. §1692a(5).

10) Plaintiff is a "debtor" as defined by the Rosenthal Act, California Civil Code 1788.2(h).

11) The purported debt which ARCSI attempted to collect from Plaintiff was a "consumer debt" as defined by the Rosenthal Act, California Civil Code §1788.2(f).

12) The true names and capacities, whether individual, corporate (including officers and directors thereof), associate or otherwise of Defendants sued herein as DOES 1 through 10, inclusive, are unknown to Plaintiffs, who therefore sue these Defendants by such fictitious names. Plaintiffs are informed and believe, and allege that each Defendant designated as a DOE is involved in or is in some manner responsible as a principal, beneficiary, agent, co-conspirator, joint venturer, alter ego, third party beneficiary, or otherwise, for the agreements, transactions, events and/or acts hereinafter described, and thereby proximately caused injuries and damages to Plaintiffs. Plaintiffs request that when the true names and capacities of these DOE Defendants are ascertained, they may be inserted in all subsequent proceedings, and that this action may proceed against them under their true names.

## III.  FACTUAL ALLEGATIONS

13)   At a time unknown ARCSI obtain information regarding an alleged debt incurred by Plaintiff's ex-wife (the "Debt").

14)   The Debt was incurred solely by Plaintiff's ex-wife at a time subsequent to the final dissolution of Plaintiff's marriage.

15)   Plaintiff was not indebted in any amount to ARCSI or its assignor and was not obligated in any manner on the Debt.

16)   Plaintiff did not sign the agreement that created the Debt.

17)   ARCSI contacted Plaintiff by telephone and demanded payment on the Debt.

18)   At no time did ARCSI send Plaintiff the notices required by 15 USC §1692g and California Civil Code §1812.700.

19)   Plaintiff disputed that he was obligated on Debt to ARCSI.

20)   ARCSI submitted false information to Plaintiff's credit reports claiming that Plaintiff (a) had an account in collections, (b) that Plaintiff had a past due balance, and (c) that Plaintiff owed $1,112 on an account ("the false information").  These statements were not accurate.

21)   Defendant ARCSI furnished the false information to Defendants EXPERIAN INFORMATION SOLUTIONS, INC., EQUIFAX INC., and TRANS UNION LLC (the "CRAs").

22)   Plaintiff disputed the false information with ARCSI and the CRAs.

23)   ARCSCI's representative falsely told Plaintiff that he was legally responsible for paying the Debt.

24)   ARCSI and the CRAs failed to conduct reasonable investigations into the disputes alleged by Plaintiff.

25)   The CRAs negligently produced consumer reports with respect to Plaintiff's credit that contain the false information.

26)    The CRAs further negligently failed to maintain reasonable procedures designed to avoid the reporting of the false information.

27) As a result of Defendants' conduct, Plaintiff suffered actual damages.

## IV. FIRST CLAIM FOR RELIEF

### (Against Defendants for Violations of the FCRA)

28) Plaintiff repeats, realleges and incorporates by reference all of the foregoing paragraphs.

29) The CRAs violated 15 U.S.C. §1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiffs.

30) The CRAs violated 15 U.S.C. §1681i by failing to delete inaccurate information in the Plaintiffs' credit file after receiving actual notice of such inaccuracies; by failing to conduct a lawful reinvestigation; by failing to forward all relevant information to ARCSI; and by failing to maintain reasonable procedures with which to filter and verify disputed information in the Plaintiffs' credit file.

31) ARCSI violated 15 U.S.C. §1681s-2(b) by furnishing the false information after Plaintiff's disputes; by failing to fully and properly investigate Plaintiff's disputes; by failing to review all relevant information regarding same; by failing to accurately respond to the CRAs; and by failing to permanently and lawfully corrects its own internal records to prevent the re-reporting of the false information o the CRAs.

32) The Defendants' unlawful conduct damaged Plaintiff as referenced above.

33) The Defendants' unlawful conduct was willful.

34) Plaintiff is entitled to recover damages under 15 U.S.C. §§1681n and/or 1681o.

35) Plaintiff is further entitled to recover costs and attorneys' fees pursuant to 15 U.S.C. §§1681n and/or 1681o.

## V. SECOND CLAIM FOR RELIEF

### (Against Defendants for Defamation)

36) Plaintiff repeats, realleges and incorporates by reference all of the foregoing paragraphs.

37) Defendant published the false information on multiple occasions ("the

Defamation").

38) The Defamation was willful and with malice. The Defendants did not have any reasonable basis to belief that the Plaintiff was responsible as it set forth in the false information. It also had substantial evidence by which to verify that the information being reported regarding Plaintiff was false.

30) As a result of this conduct, Plaintiff suffered damages.

31) The Defamation was willful, deliberate, intentional, reckless and/or with reckless disregard for the interests and rights of Plaintiff such as to justify an award of punitive damages against Defendants.

## VI.  THIRD CLAIM FOR RELIEF

**(Against Defendants ARCSI, and DOES 1-5 Only for Violation of the FDCPA)**

32) Plaintiff repeats, realleges and incorporates by reference all of the foregoing paragraphs.

33) Defendants violated the FDCPA. Defendants' violations include, but are not limited to, the following:

    (a) The Defendants violated 15 U.S.C. § 1692e by using false, deceptive, and misleading representations or means in connection with the collection of a debt;

    (b) The Defendants violated 15 U.S.C. § 1692e(2)(A) by giving the false impression of the character, amount or legal status of the alleged debt;

    (c) The Defendants violated 15 U.S.C. § 1692e(8) by communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed.

    (d) The Defendants violated 15 U.S.C. § 1692e(10) by using a false representation and deceptive means to collect or attempt to collect any debt or to obtain information regarding a consumer;

    (e) The Defendants violated 15 U.S.C. § 1692(f) by using unfair or

1  unconscionable means to collect or attempt to collect a debt;
2     (f)   The Defendants violated 15 U.S.C. § 1692(f)(1) by attempting to
3         collect an amount not authorized by the agreement that created the
4         debt or permitted by law; and
5     (g)   The Defendants violated 15 U .S.C. § 1692g(a) by failing to send the
6         Plaintiff a validation notice within five days of the initial communication

7  34) As a result of the above violations of the FDCPA, Defendants are liable to the
8  Plaintiff for Plaintiff's actual damages, statutory damages, and attorney's fees and costs
9  pursuant to 15 U.S.C. §1692k.

## VII.  FOURTH CLAIM FOR RELIEF

**(Against Defendants ARCSI, and DOES 1-5 Only for Violation of the Rosenthal Act)**

35) Defendants violated the Rosenthal Act, by including but not limited to, the following:

   (a)   The Defendants violated California Civil Code §1788.17 by failing to comply with the FDCPA as alleged above; and

   (d)   The Defendants violated California Civil Code §1812.700 by failing to include the notice required by this section.

36) Defendants' acts as described above were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

37) As a proximate result of Defendants' violations enumerated above, Plaintiff has been damaged in amounts which are subject to proof.

38) Defendants' violations of the Rosenthal Act were willful and knowing. Defendants are therefore liable to Plaintiff for Plaintiff's actual damages, statutory damages, and attorney's fees and costs pursuant to California Civil Code §1788.30.

//
//
//
//

1  **WHEREFORE**, Plaintiff respectfully requests that judgment be entered against
2  Defendants, and each of them, for the following:
3      (a)  Actual damages;
4      (b)  Punitive damages;
5      (c)  Statutory damages pursuant 15 U.S.C. §1681n;
6      (d)  Costs and reasonable attorney's fees pursuant to 15 U.S.C. §§1681n and/or
7      1681o; and
8      (e)  For such other and further relief as the Court may deem just and proper
9      including but not limited to an order to correct the inaccurate credit information.
10  **WHEREFORE**, Plaintiff further requests that judgment be entered against
11  Defendants ARCSI and DOES 1-5 and each of them for the following:
12      (a)  Actual damages;
13      (b)  Statutory damages pursuant to 15 U.S.C. §1692k and California Civil Code
14      §1788.30(a);
15      (c)  Costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k and
16      California Civil Code §1788.30(b) and §1788.30(c);
17      (d)  For punitive damages;
18      (e)  For such other and further relief as the Court may deem just and proper.

21  Date: November 16, 2012          __/s/ Jeremy S. Golden_____
22                                                    Jeremy S. Golden
                                                      Attorney for Plaintiff
23  //
24  //
25  //
26  //
27  //

**DEMAND FOR JURY TRIAL**

Please take notice that Plaintiff demands trial by jury in this action.

Date: November 16, 2012        __/s/ Jeremy S. Golden_____
                               Jeremy S. Golden
                               Attorney for Plaintiff